UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2:19-CV-204 |
| v. ) | Judges |
| ) | |
| REAL PROPERTY LOCATED AT ) | |
| 224 WILTSHIRE DRIVE, ) | |
| GRAY, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, J. Douglas Overbey, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of real property having a mailing address of 224 Wiltshire Drive, Gray, Tennessee, with all appurtenances, improvements, and attachments thereon, owned by JEREMY M. FAIRBANKS and more particularly described below.

2. The United States of America seeks forfeiture of the defendant property pursuant to 18 U.S.C. § 981(a)(1)(D), which authorizes forfeiture of any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 1343.

## DEFENDANT PROPERTY *IN REM*

3. The defendant property, with all appurtenances, improvements, and attachments thereon, is located in the Eastern District of Tennessee, having a mailing address of 224 Wiltshire Drive, Gray, Tennessee, with all appurtenances, improvements, and attachments thereon, owned by JEREMY M. FAIRBANKS and more particularly described as follows:

> Situated within the Eleventh (11th) Civil District of Washington County, Tennessee, more particularly bounded and described as follows, to-wit:
>
> BEING all of Lot 11, Wiltshire Subdivision, Phase 1, as shown on a plat of record in the Register's Office for Washington County, Tennessee at Jonesborough, in Plat Book 14, Page 57, to which reference is here made for a more complete description of said lot.
>
> AND BEING the same property as conveyed to David-Peaks and wife, Lutricia Peaks by Warranty Deed dated June 09, 2017, from Deanna Cole, unmarried, of record in the Register's Office for Washington County, Tennessee, in Roll 930, Image 2709.
>
> For further reference see Warranty Deed recorded on May 14, 2019 in Book Number 984, Pages 908-909 in the Register's Office for Washington County, Tennessee,

(hereinafter "defendant property").

4. The defendant real property has not been seized but it is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(2) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant property,

  b. serve notice of this action on the record owner of the defendant property, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Complaint,

  c. execute a writ of entry for purposes of conducting an inspection and inventory of the property, and

  d. file a notice of *lis pendens* in the county records of the defendant property status as a defendant in this *in rem* action.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b) because the defendant property is located in this district.

## BASIS FOR FORFEITURE

8. The United States of America seeks forfeiture of the defendant properties pursuant to 18 U.S.C. § 981(a)(1)(D), which authorizes forfeiture of any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of 18 U.S.C. § 1343.

9. Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

10. As set forth in detail in the Affidavit of United States Secret Service Agent Thomas Whitehead, the Government's investigation has determined that the defendant property was derived from proceeds traceable to violations of 18 U.S.C. § 1343. The owner of the defendant property, Jeremy M. Fairbanks, committed wire fraud in violation of 18 U.S.C. § 1343 in that he devised and intended to devise a scheme to defraud BM Real Estate Services, Inc. d/b/a Priority Financial Network ("PFN") and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. The scheme consisted of the defendant, JEREMY M. FAIRBANKS, completing a Form 1003 loan application for a purchase-money mortgage of a property commonly identified as 224 Wiltshire Drive, Gray, Tennessee and making material misrepresentations about his outstanding debt and false and fraudulent declarations about his prior financial history in that loan application and other documents provided at closing. The defendant property is subject to forfeiture to the United States in accordance with 18 U.S.C. § 981(a)(1)(D).

## CLAIM FOR RELIEF

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

a) Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

b) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

c) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

        Respectfully submitted,

        J. DOUGLAS OVERBEY
        United States Attorney

By:   *s/ Gretchen Mohr*
      GRETCHEN MOHR, NY Bar No. 5064704
      Assistant United States Attorney
      800 Market Street, Suite 211
      Knoxville, Tennessee 37902
      gretchen.mohr@usdoj.gov
      (865) 545-4167

5

Case 2:19-cv-00204   Document 1   Filed 11/14/19   Page 5 of 6   PageID #: 5

## VERIFICATION

I, Thomas Whitehead, Special Agent, with the United States Secret Service, hereby verifies and declares under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the United States Secret Service.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of November, 2019.

_____
Thomas Whitehead
Special Agent
United States Secret Service

## AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT *IN REM*

I, Thomas Whitehead, United States Secret Service, ("USSS") Special Agent, being duly sworn, states that the following is true and correct to the best of my knowledge:

### Professional Training and Experience of Affiant

1.  I am a Special Agent with the U.S. Secret Service (USSS), currently assigned to the Greeneville Domicile Office, Greeneville, TN. I have been employed as a federal law enforcement agent since February 2003. As a Special Agent, I have been involved with numerous criminal investigations to include counterfeit currency, credit card fraud, bank fraud, access device fraud, identity theft, wire fraud, money laundering and various other crimes. I have executed many arrest, search and seizure warrants in my years as a Special Agent. The following facts are known to me. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States. The facts in this affidavit come from information obtained in the course of an ongoing investigation.

### Property for Forfeiture

2.  This affidavit supports the civil forfeiture of real property, with all appurtenances, improvements, and attachments thereon, located at 224 Wiltshire Drive, Gray, Tennessee 37615 ("subject property") and described as follows:

Situated within the Eleventh (11th) Civil District of Washington County, Tennessee, more particularly bounded and described as follows, to-wit:

BEING all of Lot 11, Wiltshire Subdivision, Phase 1, as shown on a plat of record in the Register's Office for Washington County, Tennessee at Jonesborough, in Plat Book 14, Page 57, to which reference is here made for a more complete description of said lot.

AND BEING the same property as conveyed to David-Peaks and wife, Lutricia Peaks by Warranty Deed dated June 09, 2017, from Deanna Cole, unmarried, of record in the Register's Office for Washington County, Tennessee, in Roll 930, Image 2709.

1

For further reference see Warranty Deed recorded on May 14, 2019 in Book Number 984, Pages 908-909 in the Register's Office for Washington County, Tennessee.

3. Based on the information developed throughout this investigation and set out in this affidavit, I believe the subject property constitutes proceeds traceable to violations of federal laws prohibiting wire fraud, 18 U.S.C. § 1343, and is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(D).

**Background Information**

4. The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, my review of official police and government reports, my review of business records produced by a mortgage broker and a real estate title insurance and closing company, and consultation with other agents involved in the investigation.

5. Because this affidavit is for the limited purpose of supporting a verified complaint, I have not included all facts about the investigation known to me, but only those facts necessary to establish the basis for this civil affidavit.

**PROBABLE CAUSE TO ESTABLISH WIRE FRAUD:**

6. Since July of 2019, I have been participating in the investigation of JEREMY FAIRBANKS ("Fairbanks"). On October 31, 2017, Fairbanks and his prior spouse filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee, Greeneville Division. I have reviewed their petition and related documents. In their application, they included various schedules and a statement of financial affairs. (*In re Jeremy Michael Fairbanks and Tiffany Fairbanks*, Case No. 2:17-bk-51763-MPP). On the schedules, Fairbanks listed a secured debt that he owed to Mako

International LLC ("Mako") with an owed balance of $238,272.29 and collateral securing the debt worth $60,000.

7. Mako asserted that its debt arose from a construction mortgage loan and subsequent construction draw payments on that loan that Fairbanks obtained through false representations and affirmative fraud dealing with nonexistent improvements to the collateral securing the loan (what ended up being a vacant lot). On January 26, 2018, Mako began an adversary proceeding in the bankruptcy case by filing a complaint that alleged its mortgage debt was an exception to Fairbanks' discharge in bankruptcy under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). (*Mako International LLC v. Jeremy Michael Fairbanks (In re: Jeremy Michael Fairbanks and Tiffany Fairbanks)*, Adv. Proc. No. 2:18-ap-05004-MPP).

8. On June 12, 2018, Fairbanks and Mako agreed to settle the adversary proceeding and filed a written, signed stipulation with the Bankruptcy Court. In the stipulation, Fairbanks agreed to the following: "(1) Mako shall have a non-dischargeable judgment pursuant to 11 U.S.C. § 523(a)(2)(A) and 523(a)(6) in the amount of $200,000.00 (the 'Nondischargeable Amount'); and (2) Defendant shall voluntarily convey to Mako by quitclaim deed any and all rights, title, and interest Defendant owns in the property known as 387 St. Albans Road, Swanton, VT 05488, which property secures the Mako debt." The Bankruptcy Court approved the stipulation on June 13, 2018, and entered an Agreed Judgment of Nondischargeability. The Bankruptcy Court's judgment provided, "[T]he sum of $200,000.00 (the 'Nondischargeable Amount') is owed by Defendant to Plaintiff, and the Nondischargeable Amount is hereby excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and 523(a)(6)." Fairbanks signed his name to the Bankruptcy Court's Agreed Judgment under a heading that read, "Approved for Entry."

9. Consequently, as of June 13, 2018, Fairbanks had agreed to convey Mako's collateral back to Mako and had also agreed that he owed Mako a $200,000.00 debt that was non-dischargeable in bankruptcy. On June 11, 2018, Fairbanks executed a "Warranty Deed in Lieu of Foreclosure" to Mako. That document was executed by Fairbanks' before a Tennessee notary public on June 11, 2018. Between June 13, 2018, and April 5, 2019, Fairbanks made no further payments to Mako.

10. On April 5, 2019, Fairbanks submitted a Uniform Residential Loan Application through a mortgage broker named Bruce Harrington with CNL Enterprises, Inc. requesting a mortgage loan in the amount of $244,000 to finance the purchase of a residence located at 224 Wiltshire Drive, Gray, TN 37615. The written loan application included Fairbanks's acknowledgement and agreement that "the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in …criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq."

11. On the application, Fairbanks made a number of materially false representations about his financial history and his existing liabilities. First, he failed to list the Mako debt as one of his liabilities and indicated that his outstanding debts totaled $39,794—a $200,000 understatement. Second, Fairbanks falsely stated that he had not "had property foreclosed upon or given title or deed in lieu thereof in the last 7 years," when he had, in fact, conveyed Mako's collateral back to Mako within the past year. Third, Fairbanks falsely claimed that he had not "directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment," when, in fact, Fairbanks had transferred Mako's collateral

4

back to Mako less than a year earlier and had been subject to a $200,000 judgment from the Bankruptcy Court. Fourth, Fairbanks falsely claimed that he was not "presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee," when Fairbanks, in fact, knew that he was delinquent paying Mako's debt, knew that Mako had sued him to declare that debt non-dischargeable in bankruptcy, and knew that he had agreed to the entry of a judgment determining that he owed Mako $200,000.

12. BM Real Estate Services, Inc. d/b/a Priority Financial Network ("PFN"), conducted its own underwriting as a correspondent for Deep Haven Mortgage of Fairbanks's loan application that included the material falsehoods outlined above. PFN ultimately approved the loan, and a closing was set up for Fairbanks's purchase of the property located at 224 Wiltshire Drive, Gray, Tennessee 37615. The majority of the purchase price was to be provided by a purchase-money mortgage loan from PNF. The closing took place on May 14, 2019, in Kingsport, Tennessee at the offices of Appalachian Title & Abstracting, Inc. According to the business records maintained by Appalachian Title & Abstracting, Inc., Fairbanks personally attended the closing and reviewed and signed a number of documents at the closing. One of the documents was a new copy of Fairbanks's loan application, which Fairbanks signed and dated. The new copy of the loan application had the same material falsehoods as the original one.

13. Fairbanks also signed a written Loan Quality Initiative Disclosure that contained a written acknowledgement that Fairbanks understood any increase in his outstanding liabilities could result in additional underwriting, an increase in loan pricing, a delay in closing, or denial of his application. In that document, Fairbanks falsely acknowledged that the liabilities listed on his original loan application were correct.

14.     Fairbanks likewise signed a Borrower Affidavit in which he falsely stated that "all debt information stated in the original loan application is the only debt I/we have." Fairbanks similarly signed a Borrower's Certification and Authorization in which he falsely affirmed that the information about his assets and liabilities on his loan application was "true and complete," that he "made no misrepresentations in the loan application," and that he did not "omit any pertinent information." In that form, Fairbanks also stated that he fully understood "that it is a Federal crime punishable by fine or imprisonment, or both, to knowingly make false statements when applying for this mortgage."

15.     Another document Fairbanks signed at the closing was titled, "Mortgage Fraud Acknowledgement." In it, Fairbanks acknowledged, "Mortgage fraud is investigated by the Federal Bureau of Investigation and is punishable by up to 30 years in federal prison or $1,000,000 or both. It is illegal for a person to make any false statement regarding …debt." In that document, Fairbanks also acknowledged that "all information provided … in connection with this loan transaction is not fraudulent or misleading in any way."

16.     One other document Fairbanks signed at closing was titled, "Important Ability-to-Repay Notice." That document contained a list of what PFN understood to be Fairbanks's debts. The list did not include the Mako debt. Fairbanks signed the notice and confirmed that his debts and other obligations were consistent with what was listed. He also confirmed that he had not defaulted on any credit accounts, filed for bankruptcy, or had any judgments entered against him by a court, even though less than a year earlier he had agreed to the entry of a judgment by the Bankruptcy Court determining that his $200,000 debt to Mako was non-dischargeable.

17.     The false representations (including the omission of the Mako debt) on Fairbanks's original loan application and similar documents were material to PFN. Namely,

6

after PFN received Fairbanks's initial loan application, PFN conducted its underwriting and ultimately approved Fairbanks for a new purchase-money mortgage loan in the amount of $244,000 at an interest rate and payment terms that accounted for what PFN understood Fairbanks's debts to be. PFN then funded the loan, conditioned upon Fairbanks's execution of the documents outlined above and his acknowledgements and assurances that what he had disclosed as his outstanding debt was accurate. If PFN had known the truth about any one of the individual falsehoods outlined above, PFN would have conducted additional underwriting and would have either required further documentation, denied the loan application, or increased Fairbanks's loan costs due to the increased credit risk Fairbanks posed. The Deep Haven Mortgage underwriting guidelines for its correspondents provided the following:

> **14.4.14 HOUSING EVENTS**
> A Housing Event is any one of the following events listed below:
> - Foreclosure
> - Deed-in-Lieu
> - Short Sale
> - Modification
> - 1x120 mortgage history
>
> Housing Events must be seasoned for a minimum of 24 months from loan closing. Seasoning of a foreclosure, deed-in-lieu, or short sale is measured from the date of completed sale or final property transfer. The Housing Event must be completed prior to loan closing with no outstanding deficiency balance remaining. For a 120-day mortgage late, seasoning is from the date the mortgage was brought current. Seasoning for a modification is from the date the modification was executed.
>
> If the property was surrendered in a Chapter 7 bankruptcy, the bankruptcy discharge date is used for seasoning. Bankruptcy papers may be required to show the property was surrendered. The foreclosure action is not required to be fully complete.

Thus, the false representations to PFN were material to its decision to approve a mortgage loan.

18. Fairbanks also used, or caused others to use, interstate wire transmissions when executing his scheme. On May 14, 2019, PFN made an interstate wire transfer of the proceeds of

7

the loan in the amount of $241,182.61 from its bank, Axos Bank, in San Diego, California, to the bank account of Appalachian Title & Abstracting, Inc. at the Bank of Tennessee in the state of Tennessee. This wire transfer permitted the closing of Fairbanks's purchase to take place.

## CONCLUSION

19. Based on the totality of facts and circumstances gathered during the investigation into JEREMY FAIRBANKS, probable cause exists to believe that JEREMY FAIRBANKS committed violations of federal law including wire fraud. Furthermore, I have probable cause to believe the defendant property constitutes proceeds traceable to violations of 18 U.S.C. § 1343 and is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(D).

All of the above information is true and correct to the best of my knowledge.

FURTHER, YOUR AFFIANT SAYETH NOT.

_____
Thomas Whitehead
Special Agent
United States Secret Service

STATE OF TENNESSEE

COUNTY OF GREENE

On this 7th day of November, 2019, before me, personally appeared Thomas Whitehead, in his capacity as a Special Agent with the United States Secret Service, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and Notarial Seal.

Subscribed to and sworn before me on this this 7th day of November, 2019.

_____
NOTARY PUBLIC

My Commission Expires: 12/28/2019

9

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gretchen Mohr, NY Bar No. 5064704, Assistant U.S. Attorney
800 Market Street, Suite 211; Knoxville, TN 37902
gretchen.mohr@usdoj.gov  (865) 545-4167

## DEFENDANTS
REAL PROPERTY AT 224 WILTSHIRE DRIVE, GRAY, TN

County of Residence of First Listed Defendant: Washington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | [X] 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(D)

Brief description of cause:
Forfeiture of real property which represents or is traceable to gross receipts from violations of 18 U.S.C. § 1343.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 11/14/2019
SIGNATURE OF ATTORNEY OF RECORD: s/Gretchen Mohr, Assistant U.S. Attorney

**FOR OFFICE USE ONLY**
RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE